UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAR LEWIS,

    Plaintiff,

v.                                                       CAUSE NO. 3:19-CV-662 DRL-MGG

CURTIS HILL *et al.*,

    Defendants.

## OPINION AND ORDER

Mr. Jamar Lewis, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lewis alleges that, in 2005, he was charged as an adult without a hearing on whether the juvenile court's jurisdiction should be waived given he was only seventeen years old when he committed the offense. Mr. Lewis specifically refers to Indiana Code § 31-30-4-1, which provides that the state juvenile court does not have jurisdiction over individuals who are at least sixteen years old and have committed certain enumerated crimes. He asserts that the statutory scheme violated his right to procedural due process because he did not receive an investigation and hearing. He further asserts that the statutory scheme violated his right to equal protection because he was treated differently than other offenders under the age of eighteen. For his claims, Mr. Lewis seeks money damages.

Significantly, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Mr. Lewis does not allege his conviction has been overturned in any way, and it is not plausible to infer that it has been.

Mr. Lewis maintains that *Heck* does not apply because his claims, if successful, would not affect his conviction or sentence. However, under Indiana law, a child under the jurisdiction of a juvenile court cannot be convicted of a crime, Ind. Code § 31-32-2-4, and "an improper waiver of jurisdiction by the juvenile court would void any subsequent adult criminal action." *Shepard v. State*, 273 Ind. 295, 297, 404 N.E.2d 1, 3 (1980). In other words, a finding that Mr. Lewis was improperly removed from juvenile court or should not have been charged as an adult would have substantial consequences on his conviction and sentence. Consequently, *Heck* bars Mr. Lewis from proceeding on this complaint.

Further, even if *Heck* would not apply, Mr. Lewis' claims are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). "A § 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). The statutory scheme for juvenile jurisdiction was publicly available when Mr. Lewis was charged as an adult in 2005; and, with reasonable diligence, he could have become aware of the facts underlying his claims at that time. Mr. Lewis thus filed this lawsuit twelve years after the limitations period expired, and his claims are untimely.

Though it is usually appropriate "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*,

633 Fed. Appx. 346, 348 (7th Cir. 2016); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

Accordingly, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted.

SO ORDERED.

August 29, 2019                                             *s/ Damon R. Leichty*
                                                            Judge, United States District Court